IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| K.R. b/n/f | § | |
| LATOSHA SHANNON | § | |
|     Plaintiff, | § | C.A. NO. 3:25-cv-00489 |
| v. | § | |
| | § | |
| CEDAR HILL INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
|     Defendant. | § | JURY DEMAND |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES K.R., a Minor, by her next friend and parent, LaTosha Shannon (collectively "the Plaintiff") and files this *Original Complaint* alleging the Cedar Hill Independent School District (hereinafter referred to as "CHISD" or "the School District"), violated the various rights of K.R. as more specifically pled herein. Plaintiff now brings this action against the School District for violations of the 14th Amendment to the United States Constitution; discrimination based upon disability pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504") and the Americans with Disabilities Act, 42. U.S.C. §12131, *et seq*. ("ADA"). Plaintiff reserves the right to replead if new claims and issues arise upon further development of the facts, as permitted by law. In support, thereof Plaintiff would respectfully show this tribunal the following:

**I. BRIEF INTRODUCTION TO THE CASE**

1.     J.M. and M.E.[1] were two male students who attended Cedar Hill High School. They both had disabling conditions, behavioral issues and were known to have a history of sexually

---

[1]. All students will be identified by initials but the actual names, where known will be provided to Defendant.

Original Complaint      1

      harassing female students. Even so, School District Officials did not do anything to keep them away from, or assure they were heavily supervised when near fragile female students. K.R. then a a freshman in the ninth (9th) grade was one such student and was sexually assaulted by both while in a her Special Education Classroom. Staff soon learned she had victimized by these two young numerous times over the recent past. . Now with the actual knowledge that K.R. was a victim of sexual assault by the very same two male students who had harassed her in the past repeatedly, did nothing to protect her, leaving her more vulnerable to another assault, which occurred just few months later.

2. Accordingly, Plaintiff brings forth this action against the CHISD for the reasons more specified herein. Plaintiff now brings this action against the Cedar Hill Independent School District pursuant to Title IX of the Education Amendments Act of 1972, 20 U.S.C. §1681 *et seq*. ("Title IX"); the Americans with Disabilities Act, 42. U.S.C. §12131, *et seq*. ("ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504") and the 14th Amendment to the United States Constitution. Plaintiff reserves the right to replead if new claims and issues arise upon further development of the facts, as permitted by law. In support, thereof Plaintiff would respectfully show this tribunal the following:

## II. JURISDICTION

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §1331 and §1334 because the matters in controversy arise under the Constitution and the Laws of the United States.

4. Additionally, this Court has jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C.A. §1367.

## III. VENUE

5. Pursuant to 28 U.S.C. §1391, this Court is the proper Venue over this cause, as all events and omissions giving rise to Plaintiff's claim occurred in the Northern District of Texas, Dallas Division.

## IV. PARTIES

6. K.R. lives with her mother, LaTosha Shannon, and sister at 1596 Jesse Ramsey Boulevard, Cedar Hill, Texas 75104. At all times pertinent to this case, K.R. was a student in Cedar Hill Independent School District.

7. The Cedar Hill Independent School District is a school district organized under the laws of the State of Texas. It may be served through its Superintendent, Dr. Gerald Hudson, 285 Uptown Boulevard, Building 300, Cedar Hill, Texas 75105, (972) 291-1581 [Telephone], Gerald.Hudson@CHISD.net [Email]. Plaintiff reasonably believes the School District will be represented by the Honorable Ms. Meredith Prykryl Walker, of Walsh Gallegos Trevino Kyle & Robinson P.C., 105 Decker Court, Suite 700 Irving, Texas 75062; (214) 574-8800 [Telephone]; (214) 574-8801 [Facsimile]; mwalker@wabsa.com [Email] who will likely waive and/or accept service for the Defendant.

## V. STATEMENT OF FACTS

**A.    RELEVANT LAW, POLICIES AND PROCEDURES**

8. The Cedar Hill ISD School Board has developed policies and procedures regarding discrimination based upon sex, gender, and gender stereotypes; further, they have developed policies and procedures related to sexual harassment and assault, among other areas of

relevant concern for students and parents. Taken together, these School Board Policies & Procedures act as "Student Rights" with significant substantive and procedural protections.

9. Board Policy FFH(Legal) and (Local) establishes a framework for Title IX investigations and what constitutes harassment pursuant to Title IX. This policy also sets forth a requirement for District employees. Specifically, any district employee who suspects or receives indirect or direct notice that a student has or may have experienced prohibited conduct *SHALL* immediately notify the appropriate district official and their supervisor, and take any other steps required by FFH (emphasis added). Such reports should be investigated by the appropriate district official and may result in a formal Title IX investigation.

10. Relatedly, in regard to suspected child abuse or neglect, the Texas Family Code, Chapter 261 requires a person who reasonably believes a child has been a victim of abuse or neglect, to report their concerns to the appropriate legal authorities "shall immediately" make a report. Section 261.101(a). Such a requirement applies to school district employees, who are what is termed "mandatory reporters."

**B.     ABOUT K.R.**

11. K.R. was born in March of 2008. She is currently sixteen (16) years old.

12. K.R. is currently a student in Cedar Hill ISD and has been attending the Cedar Hill High School at all times relevant to this complaint.

13. K.R. has been diagnosed with Intellectual Disability ("ID")[2] and has the cognitive abilities and social skills of a seven- or eight-year old child.

---

[2]. Formerly known as mental retardation.

14. Accordingly she qualifies for special education services and receives a number of accommodations to help he receive public school education services to the same extent as her non-disabled peers.

15. Prior to being sexually assaulted, K.R. was very trusting of others and thought of the world as a very safe place.

**C.    JANUARY 2023**

16. On January 18, 2023, K.R. went to school as she usually did. However, later in the day, her mother LaTosha Shannon, received a phone call from Assistant Principal Floyd Williams.

17. Mr. Williams reported to Ms. Shannon that K.R. had been taken to the nursing station. The reason for her visit to the nursing station was that K.R. had been kicked in the left leg by a male student in her class.

18. M.E. and J.M. two male students who were in the twelfth grade at the time, were in K.R.'s special education classroom purportedly to receive reading support services and instruction. Instead, and left unsupervised M.E. and J.M. subjected K.R. to inappropriate sexual touching and assault, including vaginal penetration with their fingers and the fondling K.R.'s breasts and buttocks. This was in K,R,'s second period class with Mr. John Keese.  It is unknown where Mr. Keese was at that time but he surely he was not supervising students

19. While at the nursing station, K,R, reported being sexually assaulted by two male students in her special education classroom previously.

20. Also on January 18, 2023, Ms. Shannon received a phone call from a staff member at Cedar Hill High. Ms. Diaz told Ms. Shannon that, "off the record," these two male students had

      done something similar to a female student during the 2021-2022 school year. Ms. Diaz said that Mr. Williams had specific knowledge of this prior incident but apparently had not done anything about it and nothing to prevent its reoccurrence.

21. When Ms. Shannon arrived at Cedar Hill High School to retrieve her daughter, she promptly contacted the Cedar Hill Police Department ("CHPD") and reported the incident. The CHPD referred the case to the Cedar Hill ISD Police Department.

22. On or about January 19, 2023, the Cedar Hill ISD Police Department interviewed K.R., however due to her limitations, did not fully grasp the situation and was nervous and uncomfortable, She was essentially non-responsive to many of the school police officers' questions. As a result, CHISD's police department referred K.R. and her mother to the Dallas Children's Advocacy Center ("DCAC").

23. Also on January 19, 2023, Mr. Floyd Williams told K.R.'s mother that the incident would be investigated. However, Mr. Williams did not provide any information regarding K.R.'s rights or school district policies and procedures regarding sexual assault. Nor, upon reason and belief, were K.R.'s reports of assault investigated at all at the District level.

24. On or about January 23, 2023, K.R. was interviewed by staff at the DCAC. The DCAC staff were able to communicate effectively with K.R., who reported that the two boys had been touching her since she "was a freshman." Ms. Shannon believes K.R. was trying to express that the sexual abuse had been occurring since the beginning of the 2022-2023 school year.

25. Additionally, no one at the District level reported these allegations to Child Protective Services.

### D.  AFTERMATH OF THE ASSAULT

26. Since being assaulted, K.R. has been scared and uncomfortable while at school. She also had to undergo an extensive physical evaluation after being physically assaulted. Since being assaulted, she has become increasingly quiet and standoffish, even to her family. According to her mother, she is "no longer herself." K.R. is now distrustful of adults at school.

27. J.M., one of the students who assaulted K.R., only received two (2) days of out-of-school suspension as punishment for what happened. M.E. did not receive any punishment. Both boys were permitted to remain at Cedar Hill High School after this, potentially putting even more students at risk for serious harm.

28. Additionally, even though the two boys were removed from her classroom, M.E. and J.R. would stalk and stare at K.R. in the hallways, which only increased her fear.

29. Ms. Shannon also requested school video camera surveillance footage from the classroom, dating back to the beginning of the school year as necessary. However, to this day she has not seen any of such footage. In fact, Ms. Shannon was told that it would "be like looking for a needle in a haystack" by on the school police officers, to review the footage and look for signs of sexual assault.

30. Further, CHISD failed inform K.R. and her mother about the Title IX complaint process or other procedural safeguards.

31. Finally, after the report of K.R.'s sexual assault in January of 2023, the district failed to initiate a Title IX Investigation pursuant to their own policies and procedures. Unfortunately this failure and others left K.R. more vulnerable to another assault. Last, and again, the

District failed to report these allegations to Child Protective Services.

**E.     ADDITIONAL ASSAULT IN THE FALL OF 2023**

32. On or about October 4, 2023, K.R. informed her mother that a male student, 'J.,' while in her fourth period classroom.

33. When K.R. made it to her seventh period class that day, she reported being inappropriately touched to her teacher. Her teacher, Mr. Jamarkus James, reported the incident to Dr. Nelson, the assistant principal of the school.

34. J. was purportedly removed from the classroom for several days but returned the following week. J. and K.R. shared multiple classes during the day, leaving K.R. vulnerable for further harassment.

35. K.R.'s mother only learned of this incident because K.R. informed her. Moreover, like the others, this incident was apparently never reported to Child Protective Services, despite the knowledge of the incident by multiple mandatory reporters at the School District.

## VI. CLAIMS PURSUANT TO TITLE IX

36. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

37. Title IX of the Education Amendments Act of 1972, 20 U.S.C. §1681, et seq., ("Title IX") specifically notes the standards of liability for a public entity in regard to the Title IX claim. The claimant must be a member of a protected class; must be bullied, harassed or assaulted based upon membership in that class; the Defendant entity must be on notice as to the allegations; be deliberately indifferent to those allegations and the victim must have

38. experienced a deprivation of educational opportunities and/or other damages. K.R. easily satisfies all those threshold requirements.

38. Plaintiff further contends that these failures of the School District to have effective policies, procedures, practices and customs in place to ensure K.R. was not a victim of bullying, harassment, or assault based upon gender, or based upon stereotypes based upon gender, and due to such failures violated her rights pursuant to Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 et seq., upon which she now seeks recovery.

## VII. CLAIMS PURSUANT TO SECTION 504 OF THE REHABILITATION ACT

39. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

40. The School District receives federal funds and thus must follow the requisites of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504").

41. The implementing regulations of Section 504 require that each state that receives disbursements, including the state's political subdivisions such as local school districts, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled student's unique and individualized needs, and fails to accommodate that child's disability and keep the student safe, it violates Section 504.

A.  PROFESSIONAL BAD FAITH OR GROSS MISJUDGMENT CLAIM

42. Also, in addition to and in the alternative to the above, Petitioner asserts that the School

    District demonstrated professional bad faith or gross misjudgment and/or mismanagement of the Student's educational plan, also violating Section 504 of the Rehabilitation Act thereby.

B.    FAILURE TO KEEP SAFE CLAIM

43.    In addition and in alternative to the above, the Student asserts that the School District failed to provide her a safe and non-hostile educational environment, and as such she is a victim of discrimination based upon disability pursuant to Section 504.

C.    FAILURE TO ACCOMMODATE CLAIM

44.    Similarly, the above noted facts and acts and omissions noted above, also support a plausible "failure to accommodate claim" pursuant to the Rehabilitation Act.

D.    DISPARATE TREATMENT

45.    Moreover, the above noted facts and acts and omissions noted above, also support a plausible "Disparate Treatment Claim" pursuant to the Rehabilitation Act.

46.    Each claim, separately and together rise to the level and support the contention that the Student was a victim of discrimination based upon disability by the School District.

## VIII.   CLAIMS RELATED TO THE AMERICANS WITH DISABILITIES ACT

47.    In addition, and in the alternative to the above, the facts as previously described demonstrate violations of the Americans with Disabilities Act, 42 U.S.C. §12131, et seq ("ADA").

48.    Specifically, and separate and apart from his Section 504 cause of action, K.R. alleges that the School District failed and refused to reasonably accommodate and modify services needed by K.R. based upon her disability, in violation of Title II of the ADA. Accordingly

K.R. was a victim of discrimination based upon disability by the School District.

### IX. CLAIMS PURSUANT TO THE 14<u>TH</u> AMENDMENT TO THE CONSTITUTION

49. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

A. K.R. HAS CONSTITUTIONAL RIGHTS AT SCHOOL

50. Plaintiff contends that the acts and omissions of the School Board violated the right of K.R. as to her physical privacy and life, liberty and the pursuit of happiness, as contemplated by the Fourteenth Amendment of the Constitution of the United States for which she seeks recovery against the School District pursuant to 42 U.S.C. §1983.

51. In addition, D.M. has a cognizable property right in her education pursuant to the Constitution of the United States and Texas. The School Board failed to ensure that K.R. was able to enjoy such rights, and as such, seeks recovery for damages pursuant to 42 U.S.C. §1983.

B. POLICY, PRACTICE AND CUSTOM

52. During the relevant time period contemplated by this cause of action, CHISD—by and through its designees—had an actual policy, practice, and custom of conscious and deliberate indifference to federal and state law, federal and state administrative directives, and CHISD's own policies and procedures regarding the treatment of K.R. and such failures were a moving force in the injuries to her for which her parent seeks recovery pursuant to 42 U.S.C. §1983.

C. FAILURES TO TRAIN & SUPERRVISE

53. Plaintiff asserts that CHISD failed to sufficiently train staff to address the needs of children

in general– and especially a student with a disability like K.R., thereby violating her rights pursuant to the Fourteenth Amendment of the Constitution of the United States, for which she seeks recovery pursuant to 42 U.S.C. §1983.

54. In addition, Plaintiff contends that CHISD failed to sufficiently supervise staff regarding addressing the needs of children in general– and especially a student with a disability like K.R.

55. Such failures by CHISD were a moving force in violating the rights of K.R., as contemplated by Due Process of the Fourteenth Amendment of the Constitution of the United States, for which she seeks recovery pursuant to 42 U.S.C. §1983.

D. EQUAL PROTECTION CLAIM

56. Such failures by CHISD were a moving force in violating the rights of K.R., as a class of one, as contemplated by the Equal Protection of the Fourteenth Amendment of the Constitution of the United States for which she seeks recovery pursuant to 42 U.S.C. §1983.

## X. RATIFICATION AND RESPONDEAT SUPERIOR

57. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

58. The CHISD School Board ratified the acts, omissions and customs of school district personnel and staff.

59. Additionally, the School Board is also responsible for the acts and omissions of staff persons who were otherwise responsible for the duty to keep K.R. free from discrimination and harassment based upon sex and/or disability, all pursuant to the theory of *Respondeat*

*Superior*.

## XI. DAMAGES

60. As a direct and proximate result of the District's conduct, K.R. and her family have suffered the following injuries and damages, which they are entitled to recover herein within the jurisdictional limits of this court:

    a. Normal, incidental and nominal damages;

    b. Restitution including costs of cure;

    c. Loss of consortium;

    d. Loss of enjoyment;

    e. Loss of opportunity;

    f. Past pain and discomfort;

    g. Reimbursement for past medical expenses;

    h. Reimbursement for future medical expenses;

    i. Reimbursement for past mental health expenses;

    j. Reimbursement for future mental health expenses;

    k. Reimbursement for past mental anguish;

    l. Reimbursement for future mental anguish;

    m. Other Consequential damages;

    n. Various out-of-pocket expenses incurred by the family but for the acts and omissions of the District; and

    o. Any such other relief that a Jury can give in law or in equity or both.

## XII. DEMAND FOR A JURY TRIAL

61. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demand a jury trial for all issues in this matter.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays in the manner and particulars noted above, for the Court to enter a judgment in an amount sufficient to fully compensate him for the elements of damages enumerated above, judgment for damages, recovery of attorney's fees and costs for the preparation and trial of this cause of action, equitable relief requested and for its appeal if required, pursuant to Section 504, Title II of the ADA and the United States Constitution, as well as any quitable issues and for other such relief that this Court may deem just and proper in law, equity, or both.

    Respectfully submitted,

    /s/ Martin J. Cirkiel
    Martin J. Cirkiel

    Marty@cirkielaw.com [Email]
    State Bar No. 00783829
    Cirkiel Law Group, P.C.
    1005 West 41st Street, Suite 201
    Austin, Texas 78756
    (512) 244-6658 [Telephone]
    (512) 244-6014 [Facsimile]

    REPRESENTATIVE FOR PLAINTIFF