IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| K.R. b/n/f LATOSHA SHANNON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-489-BN |
| | § | |
| CEDAR HILL INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff K.R., a minor, by her next friend, LaTosha Shannon filed this lawsuit against Defendant Cedar Hill Independent School District ("CHISD") after K.R. was assaulted by fellow students and asserts that CHISD violated K.R.'s rights under the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments Act of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*, Title II of the Americans with Disabilities Act ("Title II" or the "ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504" or the "RA"), 29 U.S.C. § 701 *et seq. See* Dkt. No. 1.

Under the ADA and Section 504 specifically, K.R. alleges that CHISD "demonstrated professional bad faith or gross misjudgment and/or mismanagement of [K.R.]'s education plan" and "failed to provide her a safe and non-hostile educational environment," in violation of Section 504; she also alleges failure to accommodate and disparate treatment claims under Section 504; and, "separate and apart from [her] Section 504 cause of action, K.R. alleges that the School District

failed and refused to reasonably accommodate and modify services needed by K.R. based upon her disability, in violation of Title II of the ADA." *Id.* at 9-10.

After the parties consented in writing, this case was ordered transferred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of judgment, under 28 U.S.C. § 636(c). *See* Dkt. No. 17.

Prior to that, CHISD moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of K.R.'s claims except those under Title IX. *See* Dkt. Nos. 6 & 7. K.R. responded. *See* Dkt. No. 10. And CHISD replied. *See* Dkt. No. 16.

For the following reasons, the Court GRANTS the motion to dismiss.

**Legal Standards**

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible

inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g., Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

But pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

And, "[w]hen an allegation is contradicted by the contents of an exhibit attached to the pleading," "the exhibit and not the allegation controls." *Rogers v. City*

*of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (cleaned up; quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

**Analysis**

Responding to the motion to dismiss, K.R. affirmatively "abandon[s] the Constitutional Claims" and "the Rehab Act 'disparate treatment' claim and 'gross misjudgment' claim." Dkt. No. 10 at 7.

But K.R. contends that she has plausibly alleged a "failure to keep safe claim" under Section 504 and failure to accommodate claims under the ADA and Section 504. *Id.* So those are the claims that the Court will take up, keeping in mind that a Rule 12(b)(6) motion is "not meant to resolve disputed facts or test the merits of a lawsuit" but "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

And, so, undertaking the analysis below, the Court remains "mindful of [the] obligation to accept [the] complaint's factual allegations as true and assess whether those facts permit a reasonable inference that [CHISD] is liable." *Id.*

**I.    The Court dismisses the claim under Section 504 that CHISD failed to keep K.R. safe.**

In addition to pleading a claim under Title IX, K.R. alleges that CHISD violated the RA by "fail[ing] to provide her a safe and non-hostile educational environment, and as such she is a victim of discrimination based upon disability

pursuant to Section 504." Dkt. No. 1, ¶ 43.

CHISD urges the Court to dismiss this claim because the complaint

> lacks any allegations reflecting K.R.'s classmates harassed her solely because of her disability. Instead, Plaintiff's claims sound in terms of sexual harassment. To that end, Plaintiff asserts J.M. and M.E. "both . . . were known to have a history of sexually harassing female students" and then alleges "M.E. and J.M. subjected K.R. to inappropriate sexual touching."

Dkt. No. 7 at 16-17 (cleaned up; citing then quoting Dkt. No. 1, ¶¶ 1 & 18).

K.R. responds that

> it is uncontroverted that the students who harassed, assaulted and sexually assaulted K.R. were only able to do so because of her disabilities, including and especially her diminished capacity to fend for herself and communicate. Moreover, they knew she was secluded in a Special Education Classroom further raising an inference that but for her disabilities, they never would have been able to abuse her.

Dkt. No. 10, ¶ 29 (cleaned up); *see also id.*, ¶ 32 ("K.R is a student with multiple disabilities who was harassed, assaulted and even sexually assaulted because her disabling conditions made he an easy target."). And K.R. contends that CHISD is wrong that the allegations do not allow for the reasonable inference that the alleged harassment and assault were "solely related to her disability." *Id.*, ¶ 30 (cleaned up).

CHISD replies that "the fact that K.R. has a disability does not transform the pleaded Title IX claim into a hostile educational environment claim under Section 504." Dkt. No. 16 at 2. That is, according to CHISD,

> the fact that K.R. happens to be a student with a disability does not create an additional cause of action given Section 504's mandate that the harassment must be solely because of K.R.'s disability to be actionable – not that she makes a more convenient victim of sexual harassment because she has a disability. Indeed, Plaintiff's factual allegations do not even reflect whether the male students who harassed

- 6 -

her knew and understood that she is a student with a disability.
*Id.* (cleaned up).

The plausibility of this claim under Section 504 turns on that statute's causation requirement.

"Section 504 requires that the plaintiff's disability be the 'sole reason' for the exclusion or denial of benefits, [while] the ADA's standard is less stringent." *J.W. v. Paley*, 81 F.4th 440, 449 (5th Cir. 2023) (citing *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005)); *accord Smith v. Harris Cnty., Tex.*, 956 F.3d 311, 317 (5th Cir. 2020) ("In essence, Title II of the ADA extends Section 504 of the Rehabilitation Act such that it applies to all public entities while simultaneously weakening its causation requirement." (citations omitted)).

And, so, "Section 504 protects disabled students of school districts receiving federal grants from discrimination 'solely by reason of her or his disability.'" *C.C. v. Hurst-Euless-Bedford Indep. Sch. Dist.*, 641 F. App'x 423, 426 (5th Cir. 2016) (quoting 29 U.S.C. § 794(a); citing *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 990 (5th Cir. 2014)).

And, considering this heightened causation requirement, the Court agrees with CHISD that K.R. has not plausibly alleged that the assaults occurred solely by reason of her disability where no factual content in the complaint allows for that inference.

For example, neither the fact that K.R. was in a special education classroom with other students who received specialized instruction (supervised or

unsupervised) nor the assertion that K.R.'s disabilities make her more vulnerable to – or a more convenient victim of – sexual assault or harassment allow the Court to then reasonable infer that the sole reason that K.R. was assaulted or harassed was due to a disability. *Cf. Hernandez v. Fort Bend ISD*, Civ. A. No. H-19-915, 2019 WL 1934674, at *11 (S.D. Tex. May 1, 2019) (finding a peer-to-peer harassment claim under the ADA not plausibly pleaded in part where "[t]here are no allegations supporting a plausible inference that the male student sexually assaulted J.H. because of her intellectual disability" and "[t]he plaintiffs' allegations that the District knew about J.H.'s disability and that Castillo and Henderson were inattentive to her general need for supervision resulting from her disability do not create a plausible inference that the male student sexually assaulted J.H. because she was disabled"; then noting that "[c]ourts have declined to extend the Act's prohibition against discrimination to cover such intentional tortious acts as sexual assault" (collecting cases)); *Ituah by McKay v. Austin State Hosp.*, A-18-CV-11-RP, 2021 WL 9816615, at *11 (W.D. Tex. Nov. 18, 2021) ("Although Ituah's expert opines Ituah was more vulnerable to assault based on her disability, Ituah offers no evidence she was harassed or assaulted based on her disability."), *rec. adopted*, 2022 WL 17732330 (W.D. Tex. Mar. 21, 2022), *aff'd*, 2023 WL 3222848 (5th Cir. May 3, 2023).

## II. The Court dismisses the failure to accommodate claims made under the ADA and Section 504.

Both the ADA and the RA "impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals." *Smith*, 956 F.3d at 317 (quoting *Bennett-Nelson*, 431 F.3d at 454).

And, in response to CHISD's argument in its motion to dismiss that "Plaintiff's allegations fail to identify for the Court any accommodations or modifications the District refused to provide K.R.," and, so, "[t]he Court should dismiss Plaintiff's failure to accommodate claim under the RA and the ADA," Dkt. No. 7 at 17-18, K.R. clarifies that CHISD failed to provide "supervision to keep [K.R.] safe," Dkt. No. 10 at 19. And CHISD replies that

> Plaintiff's factual allegations do not support any inference that K.R. needed "supervision to keep her safe." Indeed, Plaintiff's factual allegations reflect that all students with K.R. in the special education classroom at the time M.E. and J.M. are alleged to have sexually assaulted her were (allegedly) left unsupervised. Without factual allegations reflecting "supervision to keep her safe" was a specific accommodation K.R.'s parent requested that the District refused or a specific accommodation Cedar Hill ISD failed to implement, Plaintiff's allegation will not overcome the District's request for dismissal.

Dkt. No. 16 at 2-3.

"To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Smith*, 956 F.3d at 317 (cleaned up).

This claim of "intentional discrimination requires at least actual knowledge that an accommodation is necessary." *J.W.*, 81 F.4th at 450 (quoting *Smith*, 956 F.3d at 319). "Plaintiffs ordinarily satisfy the knowledge element by showing that they identified their disabilities as well as the resulting limitations to a public entity or its employees and requested an accommodation in direct and specific terms." *Smith*, 956 F.3d at 317 (cleaned up).

And, "[w]hen a plaintiff fails to request an accommodation in this manner, he can prevail only by showing that the disability, resulting limitation, and necessary reasonable accommodation were open, obvious, and apparent to the entity's relevant agents." *Id.* at 317-18 (cleaned up).

Under these standards this claim must be dismissed where it's not explicitly alleged that the specific accommodation of "supervision to keep [K.R.] safe" was requested and where K.R. alleges one incident of assault (in October 2023) after CHISD officials first became aware that she was assaulted (in January 2023), and, so, the complaint lacks factual content that this was a necessary and reasonable accommodation that was open, obvious, and apparent to CHISD's relevant employees. *Cf. Pedraza as Next Friend of C.M.J.A. v. Cedar Hill Indep. Sch. Dist.*, No. 3:24-cv-2249-B, 2025 WL 2374519, at *6 (N.D. Tex. Aug. 14, 2025) ("The Court draws the reasonable inference that the need for an accommodation of increased supervision was open and obvious based on the number of times [the student] soiled herself.").

## Conclusion

The Court GRANTS Defendant Cedar Hill Independent School District's motion to dismiss certain claims under Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 6]. As a result, the remaining claims in this lawsuit are those under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*

SO ORDERED.

DATE: November 22, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE